# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travis Morgan and Malina Gomez,<br><br>           Plaintiffs,<br><br>v.<br><br>Sandra Hall, in individual and representative capacity as trustee of the Cuyamaca Mountain Trust dated 4/26/2002; W.K.S. Frosty Corporation, a California corporation,<br><br>           Defendants. | Case No.:  19CV1348-JAH(KSC)<br><br>**ORDER RE: ORDER TO SHOW CAUSE** |

  On November 8, 2019, the Court issued an Order to Show Cause directing Matt Valenti, Esq., counsel for plaintiffs Travis Morgan and Malina Gomez to explain why sanctions should not be imposed pursuant to CivLR 83.1 and the Court's inherent power for the violation of the Court's Notice and Order Setting Early Neutral Conference ("Order"). [Doc. No. 14.] A responsive Declaration was filed by Mr. Valenti. [Doc. No. 15.] The matter came for hearing on December 16, 2019.  An appearance was made by Mr. Valenti.

  The Court has reviewed the aforementioned Declaration and considered the oral argument presented during the hearing. For good cause appearing and the reasons set forth

below, the Court imposes a sanction as to Mr. Valenti for the conduct that is the basis of the Order to Show Cause.

**Background**

On August 23, 2019, the undersigned issued the Order, which required counsel for plaintiffs to serve on opposing counsel and lodge with the undersigned's chambers a statement by September 4, 2019, setting forth among other things "[a]n itemized list of all claimed violations of the Americans with Disabilities Act on the subject premises" and including as an attachment any expert or consultant report regarding the premises and the alleged violations or, alternatively, an explanation as to why such report is not attached to plaintiff's ENE statement. [Doc. No. 7, p. 3, ¶¶ 5. b .i and v.] After service of plaintiff's ENE statement, counsel for the parties were required to "meet and confer in person at the subject premises regarding settlement of (1) the alleged premise violations, and (2) damages, costs and attorney's fees." [*Id*., p. 4, ¶ 5. c.] The Court further ordered "Counsel and any unrepresented party shall have the authority to negotiate a settlement at this meeting. Plaintiff's counsel shall be responsible to arrange the conference." [*Id*.]

On November 7, 2019, the Court held the Early Neutral Evaluation Conference at which time it came to the Court's attention that plaintiff's counsel failed to provide an itemized list of claimed violations or consultant report (or explanation as to why such a report was not provided) in connection with plaintiff's ENE Statement. Additionally, the Court learned that plaintiff's counsel was unable to identify the claimed violations with specificity during the in-person meet and confer at the subject premises. As a result, the parties did not engage in substantive settlement discussions and defendant was put in the position of trying to prepare for the Early Neutral Evaluation Conference without any clear understanding as to plaintiff's claims. Mr. Valenti served on counsel for defendants and lodged with the undersigned's chambers a Supplemental ENE Statement immediately following the ENE and upon issuance of the Order to Show Cause.

Mr. Valenti argues sanctions should not be imposed because the extent to which he did not comply with the Court's Order was minimal and posed no prejudice to

defendants. [Doc. No. 15, p. 2.] He also points the finger at counsel for defendants, who made representations before the ENE Conference that he would recommend his client hire a CASp expert to investigate plaintiff's allegations, and to defendant Sandra Hall, who failed to attend the ENE despite being so ordered. With respect to the first argument, it is plaintiffs' role to clearly identify what conditions at the property form the basis of their lawsuit, not the other way around. With respect to the second, defendant Hall clearly also did not comply with the Court's Order, however, her failure to appear was not an impediment to settlement discussions at the ENE. The breakdown occurred due to plaintiffs' failure to clearly identify what conditions are alleged to exist at the property that are the basis of plaintiffs' claims.

**<u>Sanction</u>**

Based on the foregoing, Mr. Valenti shall remit the sum of $100.00 to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury as renumeration for time spent by the Court and its staff in responding to and addressing Mr. Valenti's conduct, no later than **December 31, 2019**,

**IT IS SO ORDERED.**

Dated: December 18, 2019

Hon. Karen S. Crawford
United States Magistrate Judge